# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHERMAN MOORE, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 95-CR-509-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable David H. Coar |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is a pro se motion to reduce a sentence filed by Sherman Moore ("Petitioner") pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, this motion is DENIED.

## BACKGROUND

Petitioner Sherman Moore ("Petitioner") was one of thirty nine members of the Gangster Disciples Street Gang ("GDs") who were indicted on August 30, 1995. On December 13, 1995, Petitioner was charged along with nine others in a 41-count superseding indictment for participating in a drug conspiracy in violation of 21 U.S.C. § 846 (Count 1); operating a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a) (Count 2); using minors to further the drug conspiracy and to avoid detection and apprehension in violation of 21

1

U.S.C. §§ 861(a)(1) and (a)(2) (Counts 3 and 4); and being responsible for various possessions and distributions of narcotics in violation of 21 U.S.C. § 841(a) (Counts 5-8, 10, 11, 13-17, 28, 38, 39), among other charges.

On March 6, 1996, a jury found Petitioner guilty on Counts 1, 2, 3, 4, 5, 6 and 7. At sentencing, the district court, upon government's motion, dismissed Count 1 (the lesser included offense of conspiracy) and proceeded to sentencing on Count 2 (the CCE charge). As a "governor" of the GDs, Petitioner was considered a "principal administrator, organizer, or leader" of a CCE to commit crimes involving more than 1.5 kilograms of cocaine base; he was therefore subject to a statutory minimum of life imprisonment under 21 U.S.C. § 848(b). The district court sentenced the defendant to life imprisonment on Counts 2, 3, 4, 5 and 6, and to twenty years on Count 7 to run concurrently with counts 2, 3, 4, 5 and 6.

On August 17, 2000, the Seventh Circuit affirmed Petitioner's convictions and sentence in *United States v. Smith*, 223 F.3d 554 (7th Cir. 2000), *cert. denied*, 536 U.S. 957 (2002). Petitioner filed a § 2255 Petition on June 2, 2003, which was denied by the district court on January 6, 2004. On April 28, 2004, the district court issued a certificate of appealability on the issue of whether Petitioner's counsel was constitutionally ineffective in failing to object to the admission of wiretap evidence at trial. On September 28, 2004, the Seventh Circuit granted Petitioner's motion to expand the certificate of appealability, but nevertheless affirmed the conviction and denied defendant's ineffective assistance of counsel claim.

**LEGAL STANDARD**

Once a defendant's sentence has been imposed, a court has limited authority to change it after the expiration of the limits set forth in Fed. R. Crim. P. 35. *See United States v. Zingsheim*,

384 F.3d 867, 871 (7th Cir. 2004). Section 3582(c)(2) permits the Court to reduce a previously imposed sentence only when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In addition, eligibility for a reduction under § 3582(c)(2) is triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10 cmt. n. 1. In November 2007, the Sentencing Commission passed Amendment 706, which generally reduced by two levels the offense levels applicable to crack cocaine offenses. Effective March 3, 2008, Amendment 706 (as amended by Amendment 711) was added to the list of retroactively applicable amendments in § 1B1.10(c).

When reducing a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The guidelines further state that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). To determine whether a defendant's applicable guideline range is lowered, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

# ANALYSIS

A petitioner is only eligible for a sentence reduction under § 3582 if retroactively applied amendments have lowered the guideline range under which the defendant was previously sentenced. *See United States v. Armstrong,* 347 F.3d 905, 908 (11th Cir.2003) (upholding denial of § 3582(c)(2) motion where retroactive amendment did not affect the defendant's ultimate sentence); *United States v. Hickey*, 280 F.3d 65, 69 (1st Cir. 2002) (reversing grant of § 3582(c)(2) reduction where amendment affected a specific offense characteristic but defendant was sentenced on an unrelated ground, as a career offender); *United States v. Young,* 247 F.3d 1247, 1252-53 (D.C.Cir.2001) (finding § 3582(c)(2) reduction unwarranted where amendment did not actually affect the defendant's range); *United States v. Gonzalez-Balderas,* 105 F.3d 981, 983-84 (5th Cir.1997) (affirming denial of § 3582(c)(2) motion where retroactive amendment did not actually reduce the defendant's imprisonment range); *United States v. Townsend,* 98 F.3d 510, 513 (9th Cir.1996) ("Because Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2)."); *United States v. Dorrough,* 84 F.3d 1309, 1312 (10th Cir.1996) (affirming denial of § 3582(c)(2) motion where, under an alternate calculation, the defendant had the "same offense level under the new guidelines as he had under the old").

Petitioner's guideline range has not been lowered by Amendments 706 or 711, which altered the base offense levels associated with crack cocaine in U.S.S.G. § 2D1.1(c). The amendments raised the threshold for the maximum initial offense level of 38 from 1.5 to 4.5 kilograms, thus "affect[ing] only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine." *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009).

4

The sentencing judge ruled that Petitioner was accountable for the sale of at least 1.9 kilograms of crack cocaine per every 2 months of his tenure as the GD's governor (as opposed to a fixed quantity of 1.9 kilograms as Petitioner suggests). At this rate, amounts far in excess of the threshold 4.5 kilograms would have been sold throughout Petitioner's 10-month to year-long governorship, resulting in a base offense level of 38 even under the amended guidelines.[1] Level 38 was the same starting point used by the sentencing judge before he applied level enhancements for CCE involvement and possession of firearms to arrive at a base level of 44. The amended guideline range for level 44 (or 43 when reduced to coincide with the sentencing table) is life imprisonment for any criminal history category. This represents no change from the prior guideline range under which Petitioner was originally sentenced under Counts 5 and 6.

Reductions to Petitioner's crack-related sentences would have no effect on his ultimate term of imprisonment, in any case. Under 21 U.S.C. § 848(b), life imprisonment is mandated for any "principal administrator, organizer, or leader" of a CCE involving drug transactions moving over 300 times the quantity of a substance described in 21 U.S.C. § 841(b)(1)(B), which lists in relevant part 5 grams of crack cocaine. The sentencing judge found that Petitioner was individually accountable for the sale of 1.9 kilograms of crack cocaine within his first 60 days as governor. As such, Petitioner's life sentence on Count 2 was required by 21 U.S.C. § 848(b).

---

[1] Although Petitioner argues that Counts 5 and 6 only involve the distribution of 120.2 grams and 12.4 grams of cocaine base, a judge determines drug types and quantities when imposing sentences short of the statutory maximum. *See Edwards v. United States*, 523 U.S. 511, 513-14 (1998); *U.S. v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003) ("[A]s long as (1) the jury finds beyond a reasonable doubt that a defendant participated in a conspiracy, and (2) the Court sentences him within the statutory maximum applicable to that conspiracy, the court may determine both the amount and the kind of 'controlled substances' for which [the] defendant should be held accountable – and then . . . impose a sentence that varies depending upon amount and kind.") (internal citations omitted).

The statement of reasons adopted by Petitioner's sentencing judge confirms that his sentence was imposed as a "mandatory life sentence under CCE." [2]

Petitioner argues that the life sentence imposed by § 848(b) is invalid because the Seventh Circuit, on direct appeal, misinterpreted *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in light of the intervening Supreme Court opinion *Blakely v. Washington*, 542 U.S. 296, 303 (2004). *See U.S. v. Smith*, 223 F.3d 554, 563-66 (7th Cir. 2000). To be clear, in a § 3582 motion, this Court lacks the jurisdiction to entertain a collateral attack on the 7th Circuit's confirmation of Petitioner's sentence. That being said, Petitioner's argument would be unavailing even if properly brought under 28 U.S.C. § 2255.

Under *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 466. The Supreme Court in *Blakely* clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303 (italics in original). In *Blakely*, a court imposed a sentence of three years beyond the statutory maximum of 53 months, on the ground that the defendant acted with "deliberate cruelty," a statutorily enumerated ground for departure in domestic violence cases. *Id.* at 300. The Supreme Court found the sentence invalid because the judge could not have imposed the exceptional 90-month sentence without

---

[2] Petitioner asks the Court to grant him the same sentence reduction applied to the defendant in *United States v. Tape*, an unreported opinion from the Middle District of Florida. The case is not comparable to Petitioner's. The defendant in *Tape* was not subject to a mandatory life sentence under §848(b), presumably because he was not a "principal administrator, organizer, or leader" of a CCE within the meaning of the statute. As such, unlike Petitioner, Tape's life sentence could be reduced under §3582 upon a showing that the crack amendments lowered his guideline range. This principle holds true despite the fact that the court held Tape accountable for 500kg of crack cocaine, a significantly greater amount than that attributed to Petitioner. While the Florida district court's calculations are inscrutable (and arguably impossible), its reasoning at least coincides with the above. The court found that the application of the crack amendments, coupled with the requisite level enhancements, somehow reduced Tape's guideline range from lifetime imprisonment (which attached to Tape's prior base level of 43), to a range of 360 months to life (resulting from Tape's recalculated base level of 42). On the basis of Tape's decreased post-amendment guideline range, the district court reduced his lifetime sentence to 360 months.

additional findings related to the defendant's cruelty. Alone, the jury's verdict only permitted the standard maximum of 53 months. *Id.* at 303-05

Petitioner takes *Blakely* to mean that his sentencing judge violated *Apprendi* by sentencing him to life imprisonment based on judge-made, as opposed to jury-made, findings of his leadership role and the amount of crack cocaine involved in his criminal enterprise. However, Petitioner overlooks the fact that § 848(a) authorizes a court to sentence any defendant engaged in a CCE to a term of imprisonment ranging from 20 years to life. *See* 21 U.S.C. § 848(a). However unlikely Petitioner's judge might have been to sentence him to life imprisonment absent the restrictions of § 848(b), a court is nevertheless fully authorized by § 848(a) to impose a life sentence on the sole basis of the jury's guilty verdict on a CCE count. *See Smith*, 223 F.3d at 565-66; *Moore v. United States*, 188 Fed.Appx. 494, 497 (7th Cir. 2006.).[3] Indeed, the *Blakely* Court emphasized that *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), remains good law. In *McMillan*, the Supreme Court concluded that a sentencing scheme imposing a statutory minimum upon a certain judicial finding of fact "does not authorize a sentence in excess of that otherwise allowed for [the underlying] offense." *Id.* at 82. The Seventh Circuit's rationale in *Smith* is therefore consistent with *Blakely*.

Petitioner alternatively argues that any change in the guideline range of his concurrent life sentences under drug Counts 5 and 6 triggers § 3582(c)(2) and permits the Court to apply a downward departure to Petitioner's overall sentence, in exercise of its discretion under *United States v. Booker*, 543 U.S. 220 (2005). Assuming for the sake of argument that a reduction in Petitioner's concurrent sentences enables this Court to ignore the mandatory life sentence

---

[3] Petitioner urges the court to adopt the stance of the Second Circuit, which holds that §848(b) describes a separate offense from §848(a), thus requiring that a jury find its elements proven beyond a reasonable doubt. *See United States v. Givens*, 2008 WL 2796341, at *3 (2nd Cir. July 18, 2008). Unfortunately for Petitioner, this Court is bound by Seventh Circuit precedent, which does not treat §848(b) as a separate offense. *See Smith*, 223 F.3d at 565-66.

7

imposed by § 848(b) – which it definitively does not[4] – the guideline range for those counts must be lowered by listed amendments in order for § 3583(c)(2) to theoretically apply. Because Petitioner's guideline range for Counts 5 and 6 remain unaffected by the amendments, § 3582(c)(2) would not permit this Court to revisit his sentence even under Petitioner's inoperable *Booker* theory.

Amendments 706 and 711 have no effect on Petitioner's sentence under 21 U.S.C. § 848. Petitioner is therefore ineligible for a sentence reduction because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is DENIED.

---

[4] The Seventh Circuit has held that district courts lack discretion to grant sentence reductions pursuant to §3582(c)(2) below the minimum amended guideline range. *See U.S. v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) (finding *Booker* inapplicable in the 18 U.S.C. §3582(c)(2) context). The court in *U.S. v. Clarence Haywood*, No. 95-CR-510-4 (briefs cited by Petitioner), comes to the same conclusion when resentencing the defendant to a term within the amended guideline range. The Seventh Circuit's position also forecloses Petitioner's reliance on *U.S. v. Lewis*, 623 F.Supp.2d 42, 45 (D.D.C. 2009) (applying a 1-to-1 crack-to-powder ratio at sentencing, on the basis of discretion authorized under *Booker*). As applied to Petitioner, even if a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence must be adopted as the guideline sentence. U.S.S.G. § 5G1.1(b).

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **February 25, 2010**