IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
|       Plaintiff-Respondent, | ) ) ) ) Case No. 95 CR 509-2 |
| v. | ) ) Judge Robert W. Gettleman |
| SHERMAN MOORE, | ) ) |
|       Defendant-Movant. | ) |

**MEMORANDUM OPINION AND ORDER**

A jury convicted defendant Sherman Moore of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, along with other drug offenses. Defendant was a member of the Gangster Disciples, an organized gang that distributed cocaine in the Chicago area. The sentencing judge found that defendant was a leader—a "governor" in the Gangster Disciples hierarchy—and sentenced defendant to mandatory life imprisonment, as required by 21 U.S.C. § 848(b).

Defendant moves to reduce his sentence under section 404 of the First Step Act. The government argues that defendant is ineligible, reasoning that engaging in a continuing criminal enterprise is not a "covered offense" under the First Step Act. The court ordered supplemental briefing. For the following reasons, the court finds that defendant was convicted of a covered offense and reduces defendant's sentence to 360 months.

**DISCUSSION**

The court first identifies defendant's "statute of conviction." United States v. Shaw, 957 F.3d 734, 739 (7th Cir. 2020) (rejecting a fact-based approach). Next, the court determines

whether the penalties for defendant's statute of conviction were modified by the Fair Sentencing Act of 2010. Pub. L. No. 115-391, 132 Stat. 5194, § 404(a). The court then considers whether to reduce defendant's sentence.

**1    What is defendant's statute of conviction?**

Defendant was convicted of engaging in a continuing criminal enterprise under 21 U.S.C. § 848. As the government correctly explains, "[s]ection 848 sets forth multiple, alternative versions of a CCE offense, all of which require proof of the unlawful conduct set forth in § 848(c), and some of which—as pertinent here, § 848(b)(2)—which require proof of specific additional facts and call for different punishment."

Defendant was sentenced to mandatory life. The sentencing judge found that defendant led a criminal enterprise, § 848(b)(1). The judge also found that: (1) defendant committed a felony involving large quantities of drugs, § 848(b)(2)(A); and (2) the enterprise in which defendant was a leader received $10 million in annual gross receipts for selling drugs, § 848(b)(2)(B). Either finding alone was enough to trigger a mandatory life sentence. Defendant's sentence and convictions were affirmed on appeal. United States v. Frank Smith, 223 F.3d 554, 579 (7th Cir. 2000).

The court finds that defendant's statute of conviction "is either [§ 848] as a whole, or [§ 848(c)], which describes all the conduct necessary to violate [§ 848]." United States v. Carl Smith, 954 F.3d 446, 449 (1st Cir. 2020) (holding that under the First Step Act, covered offenses include 21 U.S.C. §§ 841 and 841(a)). Subsection 848(c) is defendant's statute of conviction because it answers the question, "What conduct violates § 848?" Other subsections, in contrast, answer a different question: "When someone violates § 848, what penalties may or must be imposed?"

The First Circuit in Carl Smith considered a federal criminal statute dealing with drug sales under § 841, rather than with continuing criminal enterprises under § 848. But the two statutes are structurally similar. The First Circuit explained that "§ 841(a) lists the acts that violate the law (manufacturing, distributing, etc.), whereas § 841(b) correlates increasing penalties to the quantities associated with the acts that violate § 841(a)." 954 F.3d at 449. Here, § 848(c) lists the acts necessary for engaging in a criminal enterprise—the heading is "'Continuing criminal enterprise' defined"—while §§ 848(a), (b), and (e) set penalties for acts that violate § 848(c). Among those penalties: mandatory 20-year imprisonment, § 848(a); mandatory life imprisonment, § 848(b); and eligibility for the death penalty, § 848(e).

At least two district courts have relied on the First Circuit's decision in Carl Smith to conclude that convictions under § 848 are covered offenses under the First Step Act. This court follows suit. See United States v. Dean, No. CR 97-276 (3) (MJD), 2020 WL 2526476, at *2–3 (D. Minn. May 18, 2020); United States v. Brown, No. 3:08-CR-00011-1, 2020 WL 3106320, at *2–4 (W.D. Va. June 11, 2020). But cf. United States v. Contrell Smith, No. 04-80857, 2020 WL 3790370, at *6–7 (E.D. Mich. July 7, 2020) (concluding that §§ 848(a), (b), and (e) each "provide[ ] for its own criminal liability and penalties," acknowledging that § 848(b) "could be" a covered offense, but denying relief because the defendant was "convicted under § 848(a) . . . the statutory penalty for which was not modified by the Fair Sentencing Act in any way").

**2      Did the Fair Sentencing Act modify the penalties for 21 U.S.C. §§ 848 or 848(c)?**

The government agrees that defendant's statute of conviction is § 848(c). The government also agrees—or at least does not dispute—that the Fair Sentencing Act modified the statutory penalties for 21 U.S.C. § 848(b)(2)(A). But the government argues that the Fair Sentencing Act did not modify the penalties for § 848(b)(2)(B), which led to defendant's life sentence.

3

Section 848(b)(2)(A) mandates life imprisonment for leaders of a criminal enterprise when they commit a felony "involv[ing] at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title." The Fair Sentencing Act changed the quantity of crack cocaine described in § 841(b)(1)(B): the quantity needed to trigger a five-year mandatory minimum was raised from 5 grams to 28 grams. That raised the quantity of crack cocaine needed to trigger a mandatory minimum under § 848(b)(2)(A). The required quantity at sentencing was 1.5 kilograms (5 grams × 300). Under the First Step Act, that quantity would have been 8.4 kilograms (28 grams × 300).

The government argues that this analysis is beside the point. The sentencing judge imposed a mandatory life sentence based on findings that met both § 848(b)(2)(A) and § 848(b)(2)(B). And the Fair Sentencing Act did not modify § 848(b)(2)(B)'s statutory penalties.

The government's argument runs into two problems. First, defendant's statute of conviction is not § 848(b)(2)(B), but is instead § 848 or § 848(c). The Fair Sentencing Act modified at least one of § 848's penalties—it raised the quantity of crack cocaine needed to trigger mandatory life under § 848(b)(2)(A). "The term 'modified,' given its ordinary meaning, includes any change, however slight." Carl Smith, 954 F.3d at 450, citing MCI Telecommunications Corp. v. American Telephone & Telegraph Co., 512 U.S. 218, 225 (1994). And the Fair Sentencing Act "did not modify the penalties on an individual basis." Shaw, 957 F.3d at 739. "[I]t broadly modified penalties for entire categories of offenses that include fixed aggravating elements, such as the weight of the drug." Id. Those categories of offenses include § 848.

Second, defendant's mandatory life sentence under § 848(b)(2)(A) and § 848 (b)(2)(B) rests on facts found by the sentencing judge. Those facts were neither charged in the indictment

4

nor submitted to the jury. The Supreme Court held, five years before Congress enacted the First Step Act, that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Alleyne v. United States, 570 U.S. 99, 103, 133 (2013). "Congress knew that courts were no longer constitutionally permitted to impose mandatory minimums based solely on judicial fact-finding at sentencing. Congress would not have expected federal courts to then double-down on those unconstitutional findings in applying the First Step Act." United States v. Williams, 402 F. Supp. 3d 442, 448 (N.D. Ill. 2019) (Chang, J.). This court joins the "great[ ] weight of authority hold[ing] that a judge's sentencing findings, made only by a preponderance of the evidence, cannot be used to establish the statutory range for purposes of the First Step Act." United States v. Moore, 412 F. Supp. 3d 1111, 1117–18 (D. Neb. 2019) (collecting district court cases).

The court thus concludes that defendant is eligible for a sentence reduction under the First Step Act. Defendant's statute of conviction is either § 848 as a whole, or § 848(c), which describes the conduct necessary to violate § 848. And the Fair Sentencing Act modified at least one of § 848's penalties—it raised the quantity of crack cocaine needed to trigger mandatory life under § 848(b)(2)(A). The First Step Act allows this court to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time of defendant's offense.

**3      Should the court reduce defendant's sentence?**

Whether to reduce an eligible defendant's sentence under the First Step Act is a matter of discretion. United States v. Sutton, 962 F.3d 979, 986 (7th Cir. 2020). Considering the factors set forth in 18 U.S.C. § 3553(a) "makes good sense." Shaw, 957 F.3d at 741. Courts may also consider "updated statutory benchmarks, current Guidelines, and post-sentencing conduct."

United States v. Hudson, No. 19-2075, 2020 WL 4198333, at *6 (7th Cir. July 22, 2020). For the following reasons, the court reduces defendant's sentence to 360 months.

The nature of defendant's offense was serious. He was a Gangster Disciples "governor"—a regional manager of the gang's drug operations. He hired minors to avoid detection and to facilitate drug offenses . He was "accountable for the sale of at least 1.9 kilograms of crack cocaine per every 2 months of his tenure" as a governor and was a governor for 10 to 12 months. Moore v. United States, No. 95-CR-509-2, 2010 WL 748178, at *2 (N.D. Ill. Feb. 25, 2010) (denying sentence reduction under 18 U.S.C. § 3582(c)(2)). He punished one of his codefendants—"violated," in Gangster Disciples lingo—for failing to answer a page. It is unclear whether this violation was a beating or was instead something more lenient, such as a fine. See Frank Smith, 223 F.3d at 560 (discussing the gang's enforcement of rules through violations); id. at 573–74 (discussing allegations that defendant beat his codefendant).

The government asserts—and defendant does not dispute—that "[w]ith a combined adjusted offense level of 41, and a criminal history category of II, defendant's advisory Guidelines range under the current Guidelines would be 360 to life." Considering the nature of defendant's offense, his conduct in prison, and his prospects for the future, the court determines that a sentence of 360 months—the low end of defendant's current Guidelines range—is sufficient but not greater than necessary to promote respect for the law, to provide just punishment, and to afford adequate specific and general deterrence, and that a 360-month sentence otherwise satisfies the purposes of 18 U.S.C. § 3553(a).

Time can undo neither the seriousness of defendant's offense nor the pain wrought by his absence from his family. Time cannot unwind and allow defendant to pay his respects to his mother who passed away a decade ago. Defendant has spent 25 years in prison and is now 59

years old. Those years have given defendant the chance to show that he is more than a short-lived Gangster Disciples governor who was, in the sentencing judge's words, "a big shot for eight months" who "got convicted of enough counts to make [defendant] subject to this life imprisonment"—"even though the people who were getting exactly the same sentence were far more culpable than [defendant]."

During defendant's years in prison, he has earned a GED and has completed more than 1,000 classes and more than 1,000 credit hours. Defendant has secured a standing job offer from a car repair shop. Defendant's years in prison have not severed his relationships with the things he holds dear—not with his wife, his daughter, his faith, his childhood friends, or even Charles Poteete, the codefendant that defendant allegedly violated, who has been released from prison and believes that defendant, a "great man with great potential," should "have the same chance" to turn his life around. The court agrees.

## **CONCLUSION**

For these reasons, the court grants defendant Sherman Moore's motion for relief under the First Step Act [Doc. 1027]. Defendant's total term of incarceration is reduced to 360 months. All other conditions of his sentence remain unchanged. An amended judgment will follow.

**ENTER:** **August 17, 2020**

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman**
**United States District Judge**